*291 OPINION OF THE COURT
Raymond E. Cornelius, J.
The respondent, by his Law Guardian, has made a motion to modify a previous order of disposition of this court based, in part, on the assertion that the previous disposition order should have contained certain provisions of the Juvenile Justice Reform Amendment of 1978, which became effective September 1, 1978. (L 1978, ch 478.)
The respondent has previously been adjudicated a juvenile delinquent, based upon an admission to a petition, charging him with an act or acts alleged to have occurred on November 7, 1977, and which would constitute the crimes of burglary in the third degree and grand larceny in the third degree, if he had been an adult. An order of disposition was made with respect to that adjudication on February 28, 1978, and pursuant to that order, the respondent was placed with New York State Division for Youth for an initial period of 18 months pursuant to title 2 of article 19-G of the Executive Law. Thereafter, the New York State Division for Youth, by motion returnable on June 30, 1978, made an application to vacate the previous placement, and make a new placement pursuant to title 3 of article 19-G of the Executive Law. This application was based upon certain acts alleged to have been committed by the respondent between the original order of disposition and the filing of the petition, which would constitute a failure to co-operate in the program established by the Division for Youth pursuant to the title 2 placement.
On September 5, 1978, upon consent of the respondent, his mother, and his Law Guardian, the motion was granted, and the respondent was placed with the New York State Division for Youth, pursuant to title 3 of article 19-G of the Executive Law. At that time, the plan of the New York State Division for Youth was to place the respondent, who does have, hearing and emotional problems, at the Highland Individualized Learning Center, operated by the division, and that the respondent would receive a day services program in his own home pending actual placement.
The court has now been informed that the New York State Division for Youth has decided not to place the respondent at the Highland Individualized Learning Center, and proposes to place the respondent at the Industry Training School because of recent behavior, including an act forming the basis of a new juvenile delinquent petition. The Division for Youth takes the *292 position that they have this authority, based upon the title 3 placement.
The Law Guardian for the respondent cites section 756 (subd [a], par [iv]) of the Family Court Act which was added by the Juvenile Justice Reform Amendment of 1978. (L 1978, ch 478, § 9.) This new section provides, in effect, that the court may direct or authorize the Division for Youth to place a child with an authorized agency, and in such case, must provide for one of two alternatives to apply in the event placement is unable to be made. The court, under this new section, must either direct the division to apply for a stay or modification pursuant to section 762 of section 763 of the Family Court Act, or provide for a new dispositional hearing and order.
In the instant case, reliance on this section is misplaced. The court interprets this provision as inapplicable to placement in facilities, such as the Highland Individualized Learning Center, established and operated by the New York State Division for Youth. This subdivision would apply in a case where placement was made, for example, in a private institution, and merely conforms the procedure to that which has existed for private placements through the Commissioner of Social Services. (See Family Ct Act, § 756, subd [a], par [ii], els [1], [2]; also see the definition of an authorized agency under Executive Law, § 502.)
In addition, any application of the dispositional provisions of the Juvenile Justice Reform Amendment of 1978 to acts which occurred prior to the effective date would clearly be unconstitutional, and would thereby constitute an ex post facto law. (US Const, art I, § 10.) An ex post facto law includes a law that changes the punishment, and inflicts a greater punishment annexed to the crime when committed. (9 NY Jur, Constitutional Law, § 239.) It has been held that a law which changes punishment is not in and of itself an ex post facto law unless the change inflicts a greater punishment. (People ex rel. Lonschein v Warden, 43 Misc 2d 109.)
The purpose of the Juvenile Justice Reform Amendment of 1978 was to strengthen the authority of the Family Court Judge in making dispositions, and in certain cases, to expand and strengthen the placement provisions. A placement of a child who has been adjudicated a juvenile delinquent deprives that person of his or her liberty and, therefore, the prohibition contained in section 10 of article I of the United States Constitution should apply to the juvenile justice system, as *293 other provisions of the Federal Constitution and Bill of Rights have heretofore been applied by the United States Supreme Court. (Matter of Gault, 387 US 1.) The particular section of the reform act referred to by respondent’s Law Guardian does not necessarily increase the deprivation of liberty, but, aside from being inapplicable for the reasons already stated, is only procedural in nature. Nevertheless, the thrust and purpose of the entire amendment, including section 756 (subd [a], par [iii]) of the Family Court Act, which governs placements in facilities, such as the Highland Individualized Learning Center, operated by the Division for Youth, is as above stated, and the ex post facto prohibition would apply. Therefore, the dispositional provisions of article 19-G of the Executive Law and section 756 of the Family Court Act, as in existence prior to September 1, 1978, should apply to this case and any case where the acts upon which the proposed disposition is based occurred prior to the effective date of the new law.
A review of the record of proceedings on September 5, 1978, at which time the title 3 placement was made, does reveal a representation by the New York State Division for Youth that this respondent would eventually be placed at the Highland Individualized Learning Center. Therefore, the court, pursuant to section 762 of the Family Court Act, finds good cause has been shown for modifying and vacating the previous order of disposition, and directs that the respondent be entitled to a dispositional hearing on the application to change the placement from title 2 to title 3 of article 19-G of the Executive Law. In other words, a hearing should be held to determine whether or not a title 3 placement should be made, based upon the allegations contained in the moving papers. As already indicated, should this court decide to grant the application after a dispositional hearing, the placement pursuant to title 3 should be made under the provisions of the law which existed prior to September 1, 1978.
The court directs that this matter be placed on the tentative Trial Calendar forthwith for a dispositional hearing.